UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ANN RIOS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | 1:16-cv-01372 GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF MELISSA ANN RIOS AND AGAINST DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY** |

**I.      INTRODUCTION**

Plaintiff, Melissa Ann Rios ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 17 and 23). Upon a review of the entire record, the Court finds that the ALJ did not apply the correct legal standards and the decision is not supported by substantial evidence. Accordingly, the Court GRANTS Plaintiff's appeal IN PART and remands the case for further proceedings.

## II.   FACTS AND PRIOR PROCEEDINGS[3]

### A. Background

Plaintiff worked as a home attendant for twelve years. AR 30. In March 2013, she filed applications for SSI and DIB alleging disability beginning February 25, 2009,[4] due to bilateral carpal tunnel syndrome, tendinitis in her elbows, bursitis in both shoulders, tricompartmental joint space narrowing, and suprapatellar joint effusion. AR 162-169; 180; 183. The parties agree that Plaintiff properly exhausted her administrative remedies and that the Appeals Council denied Plaintiff's appeal. AR 1-3; 8; 96-102 (Doc.17, pg. 2 and Doc. 23, pg. 3). Therefore, this appeal is a review of Administrative Law Judge John Heyer's ("ALJ") decision issued on April 16, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 13-21.

### B. Summary of the Medical Record

The Court has reviewed the entire medical record. AR 255-786. Because the parties are familiar with the Plaintiff's medical history the Court will not exhaustively summarize these facts in this order. Plaintiff is only disputing the ALJ's functional assessment of her hands. Therefore, relevant portions of the medical record related to this issue will be referenced in this decision where appropriate.

## III.   THE DISABILITY STANDARD

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 4 and 9).

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[4] Plaintiff amended the alleged date of her disability to October 1, 2011 at the hearing. AR 15; 36.

mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.
> 42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).[5] The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments,[6] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work,[7] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).

///

---

[5] References to the regulations are to the 2015 regulations which were in effect at the time of the ALJ's decision.
[6] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
[7] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545 and 416.945. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

3

## IV. SUMMARY OF THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined Plaintiff met the insured status requirements through September 30, 2014, and she had not engaged in substantial gainful activity since October 1, 2011, her amended application date. AR 15; 36. At step two, the ALJ identified a history of torn labrum of the right hip, arthritis, degenerative disc disease, bilateral carpal tunnel syndrome status post bilateral carpel tunnel releases, and obesity as severe impairments. AR 15-16. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 16. However, the ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined 20 CFR §§ 416.967 (b) and 404.1567(b), except that she can lift twenty pounds; sit for six hours in an eight hour day; stand and walk for two hours in an eight hour day; and she is able to use her upper extremities for work activity on a frequent, but not a constant basis. AR 16-19.

Given the above, at step four, the ALJ found Plaintiff could not perform her past relevant work as a home attendant. AR 20. However, a vocational expert testified that given the limitations in the RFC, Plaintiff could perform work as an order clerk, nut sorter, and almond blancher. AR 20-21. The ALJ therefore concluded Plaintiff was not disabled. AR 21.

## V. THE ISSUES PRESENTED

Plaintiff argues that the ALJ improperly assessed the medical record. Specifically, she argues that the ALJ failed to consider and address the opinion of Dr. Montgomery, M.D., a consultative physician who performed an agreed medical examination ("AME") for worker's compensation and found that Plaintiff qualified as an injured worker. She requests that the case be remanded for an award of benefits. (Doc. 17, pgs. 8-15). In Opposition, the Commissioner argues that the ALJ's assessment of the medical evidence was proper and the ALJ's decision is supported by substantial evidence. (Doc. 18, pgs. 8-13).

## VI. THE STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d

1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## VII. DISCUSSION
### A. The ALJ's Assessment of the Medical Evidence is Not Supported by Substantial Evidence.

Plaintiff argues that the ALJ did not properly evaluate the medical evidence. Specifically, she contends that the ALJ failed to address Dr. Montgomery's opinion and did not articulate the weight he was giving to any of the doctors' opinions. As a result, the ALJ did not properly assess her hand limitations. The Commissioner contends that Plaintiff amended her alleged date of disability until five months after Dr. Montgomery's opinion, and therefore the opinion is not material. Defendant further contends that the ALJ correctly found that Plaintiff's treating physician did not recommend any restrictions, and that treatment notes after Dr. Montgomery's evaluation contradict his findings. (Doc. 23, pgs. 8-13). Upon a review of the record, the Court finds that the ALJ's weighing of the medical record is not supported by substantial evidence.

Under the law of this circuit, the opinions of treating physicians, examining physicians, and non-examining physicians are entitled to varying weight in disability determinations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). However, the opinions of a treating or examining physician are "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. CSS*, 533 F.3d at 1164. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *Garrison v. CSS*, 759 F.3d 995, 1012 (9th Cir. 2014); *Ghanim v. CSS*, 763 F.3d 1155, 1161(9th Cir. 2014).

The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. Such independent reasons may include laboratory test results or contrary reports from examining physicians, and Plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester*, 81 F.3d at 831, *citing Magallanes*, 881 F.2d at 751–55.

Here, the ALJ noted that Plaintiff suffered from bilateral hand/wrist pain and summarized the medical record. AR 16-19. He noted that Dr. Mark Montgomery, M.D. completed an AME on May 17, 2011, and determined that Plaintiff had reached the maximum medical improvement and declared her "permanent and stationary."[8] Dr. Montgomery opined that Plaintiff should be limited to no heavy lifting and no repetitive or forceful gripping, twisting, pushing, pulling, or manipulating with either hand. AR17; 428-433. Although the ALJ summarized treatment records and progress notes, this was the only doctor's opinion outlining functional restrictions that the ALJ discussed. With regard to evaluating the medical opinion evidence the ALJ stated the following:

> …. [G]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor. In sum, the above residual functional capacity assessment is supported by the evidence as a whole. AR 19.

This was the extent of the ALJ's discussion regarding the weight he was giving to the physicians' opinions. Other than summarizing Dr. Montgomery's findings, there was no other discussion of the opinion, or an explanation of why, or why not, he was adopting Dr. Montgomery's limitations. AR 17; 19. Moreover, there were two state agency non-examining physicians who reviewed the file. Dr. Mary Lanette Rees, M.D., opined Plaintiff could perform light work. AR 56-57; 66-67. Similarly, on December 13, 2013, Dr. L. Bobba, M.D., opined Plaintiff could perform light work with upper and lower extremity limitations. Specifically, Dr. Bobba found that Plaintiff had handling limitaitons in both hands. AR 76-78; 80; 91; 93; 94. It appears that the ALJ may have relied on these opinions in part because he formulated a RFC limiting Plaintiff to light work with other upper arm limitations, however, it is not clear whether

---

[8] Permanent and stationary means that the medical condition has reached its maximum medical improvement. *See*, www.dir.ca.gov/dwc/WCGlossary.htm#p last visited on March 19, 2018.

this occurred because the ALJ did not address either of these opinions when discussing the medical evidence. AR 16-19.

As previously discussed, an ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. CSS*, 533 F.3d at1164. In order for the ALJ to reject an examining physician's opinion, he must provide specific and legitimate reasons for doing so. *Trevizo*, 871 F.3d at 675; *Garrison v. CSS*, 759 F.3d at 1012; *Ghanim v. CSS*, 763 F.3d at 1161. The ALJ did not engage in any analysis of the medical opinions in this case. The Court is not persuaded by Defendant's argument that Dr. Montgomery's opinion was not material because it was completed prior to Plaintiff's alleged disability date. Dr. Montgomery identified specific restrictions regarding Plaintiff's functional abilities. The ALJ had an obligation to articulate why he was not adopting that opinion. The Court is similarly not persuaded by the Defendant's argument that future treatment notes contradict Dr. Montgomery's findings. These are *post hoc* rationalizations that this Court is not permitted to entertain. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the *Commissioner. Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)). Given the above, the ALJ did not apply the correct legal standard and his decision is not supported by substantial evidence.

### VIII. REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Plaintiff has requested an award with benefits. However, a remand for an award of benefits is only appropriate when the record has been fully developed and further administrative proceedings would serve no useful purpose. Conversely, remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin*, 759 F. 3d at 1020-1021. At this juncture, the Court does not have enough information to make a disability determination. Therefore, the case must be remanded so that the ALJ may fully assess the medical opinions with regard to Plaintiff's upper extremities limitations. The ALJ may obtain additional medical opinions he deems appropriate and then formulate a RFC that encompasses any limitations and/or opinions that are supported by substantial evidence. In doing so, the ALJ must resolve conflicts in the medical record and clearly outline his reasoning for the weight he affords to each doctor's opinion by applying the applicable legal standards. The Court expresses no opinion regarding how any

evidence should ultimately be weighed, and/or how any ambiguities or inconsistencies should be resolved on remand.

**IX.    CONCLUSION**

Based on the foregoing, the Court finds that the ALJ did not apply the correct legal standards and the decision is not supported by substantial evidence. Accordingly, this Court GRANTS Plaintiff's appeal. The case is remanded to the Commissioner of Social Security for further administrative proceedings consistent with this opinion. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Melissa Ann Rios, and against Nancy A. Berryhill, Commissioner of Social Security, and to close this action.

IT IS SO ORDERED.

Dated:   **March 19, 2018**               **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE